STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8673

December 15, 2023

**BY ECF**

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *LoGiudice v. Chiumento et al.*, No. 22-cv-4363 (DG) (ARL)

Dear Judge Gujarati:

    The parties respectfully submit this joint status letter setting forth their respective positions regarding the impact of *Antonyuk v. Hochul*, No. 22-2908 on the schedule in this case. On March 7, 2023, Steven A. Nigrelli, who at the time served as the Acting Superintendent of the New York State Police ("NYSP"), filed a motion to stay proceedings pending a decision by the Second Circuit in *Antonyuk*.[1] The Court granted the Superintendent's motion on March 22, 2023, and ordered the parties to file a joint status letter within one week of a decision in *Antonyuk*. The Court renewed this order on September 22, 2023. On December 8, 2023, the Second Circuit issued its decision in *Antonyuk*, which is attached to this letter as "Exhibit A."[2] The Court also issued a decision in a companion case, *Gazzola v. Hochul*, which is attached as "Exhibit B."

    The *Antonyuk* decision reversed the district court's injunction concerning several provisions in the Concealed Carry Improvement Act's (CCIA) licensing scheme, including the "good moral character" requirement, the applicant's disclosure of co-habitants, and the "catch-all" provision, and upheld the injunction as to the requirement to furnish social accounts for the last three years. Ex. A at 57-124. The decision also reversed the injunction concerning several "sensitive location" restrictions in the CCIA, but upheld the injunction as to places of worship. *Id.* at 124-239. The decision upheld the injunction on the CCIA's "restricted location" provision on private property open to the public, and remanded for further proceedings regarding the injunction covering private property not open to the public. *Id.* at 239-261. The *Gazzola* decision affirmed the district court's denial of the plaintiffs' motion for a preliminary injunction, which challenged

---

[1] Dominick L. Chiumento, who is currently the Acting Superintendent of NYSP, was substituted as defendant for Superintendent Nigrelli, as noted in Superintendent Chiumento's October 12, 2023 letter. Dkt. No. 23.

[2] *Antonyuk* was heard and decided in tandem with three other cases, *Hardaway, Spencer*, and *Christian v. Chiumento*.

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● www.ag.ny.gov

The Honorable Diane Gujarati
December 15, 2023

the State of New York's commercial regulations on the sale of firearms and ammunition under the Second Amendment.

A.   **Plaintiff's Position**

This case must proceed expeditiously as it involves the denial of a core Constitutional right. Mr. LoGiudice is being denied the right to carry a firearm to protect himself pursuant to the Second Amendment.

The Second Circuit's recent decision has no actual impact on this Plaintiff's case, inasmuch as it was dispositive only of the injunctions granted by the District Courts. It specifically notes that their decision with respect to the "affirmance or vacatur of the district courts' injunctions does not determine the ultimate constitutionality of the …CCIA…." Thus, the merits of the cases were not decided and they will proceed through their appeals.

It is in the interests of all parties, the Plaintiff in particular, to proceed with this action in accordance with Your Honor's Individual Practice Rules and to proceed with the Superintendent's motion, as well as discovery, as requested by counsel for the Superintendent.

B.   **Superintendent Chiumento's Position**

The Superintendent does not seek the dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) based upon *Antonyuk*. The Superintendent instead seeks to renew the motion to dismiss the Amended Complaint ("Am. Compl.") for lack of subject-matter jurisdiction under Rule 12(b)(1). The Superintendent respectfully submits that the grounds for dismissal of the Amended Complaint, as set forth in the March 22, 2023 pre-motion conference letter (Dkt. 21), remain viable in the wake of *Antonyuk* and *Gazzola*.

First, Plaintiff remains unable to allege a "certainly impending" injury in the Amended Complaint because his application with the Suffolk County Police Department ("SCPD") for a "Full Carry" pistol permit remains pending, and his claims are not constitutionally or prudentially ripe for judicial review. Plaintiff's challenge to the "sensitive locations" provision of the CCIA is particularly unripe, as the SCPD's decision on Plaintiff's pending license application is a contingent future event, and Plaintiff acknowledges that carrying anywhere without a license is unlawful. Am. Compl., ¶ 70. Second, Plaintiff fails to allege that any alleged injury is traceable to the Superintendent, and that the Superintendent can redress the alleged injury. Indeed, the *Gazzola* decision affirmed the dismissal of one of the plaintiffs' Second Amendment challenge to § 400.00(2) for failure to "show how the non-defendant county's failure to provide license applications is fairly traceable to the challenged action of the named defendants," including the Superintendent. Ex. B at 33. Plaintiff's lack of a handgun license is a separate and independent barrier to establishing standing, as the Superintendent cannot redress any alleged injury. Third, Plaintiff still lacks standing to bring a facial or as-applied challenge to the provisions of the CCIA after *Antonyuk*.

2

The Honorable Diane Gujarati
December 15, 2023

C.     **County of Suffolk's Position**

Plaintiff alleges that the County's purported Licensing Application Process is unduly burdensome. The County does not believe that *Antonyuk* bears upon this claim. It is the County's position that plaintiff's claim is factually and legally meritless. Factually, the licensing procedures that plaintiff challenges no longer existed at the time he submitted his license application on July 18, 2022 (¶ 45, Amended Complaint). Plaintiff expressly identifies the challenged procedures as those set forth in the 2016 edition of the Suffolk County Police Department Pistol License Information Handbook. (¶ 37, Amended Complaint). However, there was at least one subsequent edition of the handbook, the most recent of which was issued after June 23, 2022 to comply with *Bruen*. Legally, it is the County's position that plaintiff's claim is premature because his license application remains pending, and because the Constitution does not guarantee him a pistol license even post-*Bruen*.

D.     **Proposed Briefing Schedule**

In the event Your Honor does not schedule a pre-motion conference, the parties respectfully submit the following proposed briefing schedule for the Superintendent's anticipated motion pursuant to ¶ III(B)(2) of Your Honor's Individual Practice Rules: the Superintendent's opening memorandum shall be filed on or before January 19, 2024; Plaintiff's opposition shall be filed on or before February 16, 2024; and the Superintendent's reply memorandum shall be filed on or before March 1, 2024.

E.     **Discovery**

The Superintendent also respectfully requests that the deadline to submit a Rule 26(f) meeting plan, which was adjourned by Magistrate Judge Lindsay on March 29, 2023, remain adjourned pending a decision on the Superintendent's anticipated motion. The Superintendent has "good cause" for a stay of discovery under Rule 26(c) because "[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated," and Plaintiff will not "be prejudiced by issuance of a stay of discovery." *Chesney v. Valley Stream Union Free School Dist. No. 24 Unit*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006).

                                              Respectfully submitted,

                                              /s/_____
                                              Yuval Rubinstein
                                              Special Litigation Counsel
                                              Office of the Attorney General
                                              Attorney for Superintendent Chiumento

                                              Andrew Campanelli
                                              Patricia M. Mackreth
                                              Campanelli & Associates, P.C.
                                              Attorneys for Plaintiff

The Honorable Diane Gujarati
December 15, 2023

                                              Arlene S. Zwilling
                                              Assistant County Attorney
                                              Suffolk County Attorney's Office
                                              Attorney for Defendants County of Suffolk
                                              and Rodney K. Harrison