UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LOGIUDICE, | **AMENDED ANSWER TO AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | 22-cv-04363(DG)(ARL) |
| STEVEN A. NIGRELLI, in his official Capacity as Acting Superintendent of the New York State Police, and RODNEY K. HARRISON, in his official Capacity as Commissioner of the Suffolk County Police Department, and Licensing Officer for Suffolk County, and THE COUNTY OF SUFFOLK, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendant, the County of Suffolk, (sued herein as the County of Suffolk and Rodney K. Harrison in his official capacity only) by its attorney, Christopher J. Clayton, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's amended complaint respectfully:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 1, 2, 3, 13. 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28 of the amended complaint and refers all questions of law to the Court.

2. Denies, upon information and belief, the allegations contained in the paragraph numbered 4 of the amended complaint.

3. Avers that the allegations contained in the paragraphs numbered 5, 6, 7 and 8 of the amended complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save

1

to demand strict proof thereof; and denies any conduct giving rise to any cause of action thereunder.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 9, 30, 32 and 33 of the amended complaint.

5. Denies, upon information and belief, the allegations contained in the paragraphs numbered 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of the amended complaint.

**AS TO COUNT ONE**

6. Answering the paragraph numbered 49 of the amended complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

7. Denies, upon information and belief, the allegations contained in the paragraphs numbered 50, 51, 52, 53, 54, and 55 of the amended complaint.

**AS TO COUNT TWO**

8. Answering the paragraph numbered 56 of the amended complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9. Denies, upon information and belief, the allegations contained in the paragraphs numbered 57, 58, 59, 60 and 61 of the amended complaint.

**AS TO COUNT THREE**

10. Answering the paragraph numbered 62 of the amended complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11. Denies, upon information and belief, the allegations contained in the paragraphs numbered 63, 64, 65, 66, 67, 68, 69, 70 and 71 of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. That the amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. That the amended complaint fails to set forth facts sufficient to constitute a deprivation of

any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. That this Court lacks subject matter jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18. That plaintiff has failed to comply with the statutory conditions precedent to

commencement of an action against municipal defendant(s) as set forth in the New York General Municipal Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19. That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

22. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

23. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

24. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. That plaintiff has an adequate remedy at law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

27. That plaintiff's exclusive remedy is pursuant to C.P.L.R. Article 78.

WHEREFORE, defendant demands judgment against the plaintiff dismissing the amended complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
March 14, 2024

                              Yours etc.,
                              Christopher J. Clayton
                              Suffolk County Attorney
                              Attorney for the County of Suffolk (sued herein as the County of Suffolk and Rodney K. Harrison in his official capacity
                              H. Lee Dennison Building
                              100 Veterans Memorial Highway
                              P.O. Box 6100
                              Hauppauge, New York 11788

                By:    */s/ Arlene S. Zwilling*
                          Arlene S. Zwilling
                          Assistant County Attorney

TO:

Andrew J. Campanelli, Esq.
Campanelli & Associates, P.C.
Attorneys for Plaintiff
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
(516) 746-1600


AAG Yuval Rubinstein
NYS Office of the Attorney General
Attorneys for defendant James
Litigation Bureau
28 Liberty Street
New York, NY 10005